# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JUSTIN LEE DOUGLAS,**

    Plaintiff,

  v.                                                                                                                    Case No. 18-CV-1879

**SCOTT ECKSTEIN, et al.,**

    Defendants.

## ORDER

Plaintiff Justin Lee Douglas filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. On April 26, 2019, U.S. District Judge Lynn Adelman (to whom the case is assigned), screened Douglas's complaint and allowed him to proceed, in part, against John and Jane Doe defendants. Judge Adelman later referred the case to this court for the handling of pretrial matters.

On September 24 and October 4, 2019, the court granted Douglas's motions to identify the names of the John and Jane Doe defendants. There are now twenty-four defendants. On January 10, 2020, the defendants filed a motion for partial summary judgment on the grounds that, before initiating this lawsuit, Douglas did not exhaust the available administrative remedies on claims against some or all of twenty of the defendants. The defendants explain that briefing on their motion is expected to be completed in early March 2020.

The defendants note that the deadline for filing dispositive motions is today, January 13, 2020. They highlight that it would be an inefficient use of the parties' and court's resources for them to file a dispositive motion on the merits as to all twenty-four defendants before the court resolves their motion on exhaustion as to twenty of the defendants. They move the court to stay the dispositive motion deadline until after the court resolves their motion for partial summary judgment on exhaustion. The court will grant the motion and will set a new deadline for the filing of dispositive motions on the merits after Judge Adelman resolves the defendants' motion for summary judgment on exhaustion.

The defendants also ask that, after resolving their motion on exhaustion, the court set a new deadline for them to depose Douglas. Discovery closed a month ago, on December 13, 2019. The defendants explain that "[d]iscovery has been completed other than a deposition of the Plaintiff." (ECF No. 38 at 2.) The defendants do not explain why they did not depose Douglas before discovery closed or why they waited until the Friday before dispositive motions were due to ask for additional time to depose him. Because the defendants do not explain the reason why they waited so long after discovery closed to request additional time to depose Douglas, the court will deny their motion but will allow the defendants to provide additional information as to why they did not raise this request sooner. Alternatively, they may obtain Douglas's consent to being deposed after the court resolves their motion on exhaustion. If they provide either additional information or evidence of Douglas's consent, the court will reconsider its decision to deny their motion.

**IT IS THEREFORE ORDERED** that the defendants' motion to stay or modify the scheduling order (ECF No. 38) is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that the dispositive motion deadline is **STAYED** pending the court's resolution of the defendants' motion for partial summary judgment on exhaustion grounds.

**IT IS FURTHER ORDERD** that the defendants may provide an explanation as to why they delayed asking for an extension of time to depose Douglas and/or evidence of Douglas's consent to be deposed after the court resolves the defendants' motion for partial summary judgment on exhaustion grounds.

Dated in Milwaukee, Wisconsin, this 13th day of January, 2020.

WILLIAM E. DUFFIN
U.S. Magistrate Judge