# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JUSTIN LEE DOUGLAS,**

    Plaintiff,

  v.                                                                          **Case No. 18-CV-1879**

**SAMANTHA SCHWARTZ-OSCAR, et al.,**

    Defendants.

## ORDER

Plaintiff Justin Lee Douglas filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. On July 12, 2019, the court entered a scheduling order setting a discovery deadline of December 13, 2019, and a dispositive motion deadline of January 13, 2020. (ECF No. 20.) A few days before the dispositive motion deadline, the defendants filed a motion for partial summary judgment on the ground that Douglas did not exhaust his administrative remedies before he filed this lawsuit. (ECF No. 31.)

That same day, the defendants also moved to stay or modify the scheduling order. (ECF No. 38.) The defendants asserted that it would be an inefficient use of the parties' and the court's time and resources for them to file a dispositive motion on the merits before receiving a decision on their exhaustion motion. They asked the court to set a new dispositive motion deadline after deciding the exhaustion motion. The defendants also acknowledged that discovery had closed, but they asked the court

to reopen discovery following a decision on the exhaustion motion for the limited purpose of allowing them to depose Douglas.

The court granted the defendants' motion to stay the dispositive motion deadline and to set a new deadline once the court decided their exhaustion motion. (ECF No. 39.) On March 17, 2020, District Judge Lynn Adelman (to whom the case is assigned) granted the defendants' exhaustion motion and dismissed twenty defendants because Douglas failed to exhaust the available administrative remedies before he sued them. (ECF No. 47.) Because the exhaustion motion has been resolved, the court will set a new dispositive motion deadline so the parties may address the merits of the remaining claims.

Finally, in its January order the court denied the defendants' request to reopen discovery for the limited purpose of allowing them to depose Douglas. The court noted that discovery had been closed for nearly a month and the defendants provided no explanation of why they had not requested an extension of the discovery deadline before it passed. The court stated that it would be open to reconsidering its decision if the defendants explained why they had not made their request sooner or if they provided evidence that Douglas had consented to being deposed. Court records indicate that the defendants did not do either. Accordingly, the court will not reconsider its decision to deny their request to reopen discovery for a limited purpose.

**IT IS THEREFORE ORDERED** that, if the parties choose to file a dispositive motion on the merits of the surviving claims, they must do so by **April 24, 2020**.

Dated in Milwaukee, Wisconsin, this 20th day of March, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge